UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

GUSTAV W. KLOSZEWSKI,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case Numbers: ST-91CR57-MU
5:92CR23-MU
5:95CR08-1-MU
5:95CR21-1-MU

## PETITION FOR WRIT OF ERROR CORAM NOBIS
## PURSUANT TO TITLE 28 U.S.C. § 1651

Comes Now, Petitioner, Gustav Kloszewski, <u>pro se</u>, and hereby petitions this Honorable Court for a Writ of Error Coram Nobis to correct a manifest injustice upon this petitioner. As grounds for this extraordinary remedy, Petitioner would show as follows:

### Jurisdiction

Petitioner was indicted in the aforementioned case numbers, in this district in 1991. Petitioner was subsequently convicted of the charges in this Court. This Court maintains original jurisdiction in this matter.

### Statement of Fact

1. On October 16, 2002, this Court issued a <u>sua sponte</u> Order releasing Petitioner from the Bureau of Prisons, after Petitioner had served 33 months over and above the maximum amount of his sentence, without good time credit (GTC). The Court's Order stated that the "<u>sentence</u> in the above-referenced cases be reduced to 'time already served'". The Court also stated that the Order was "[i]n the interest of justice." (See Exhibit "A").

- 1 -



2. On October 25, 2002, this Court filed an AMENDED JUDGMENT IN A CRIMINAL CASE. The Court indicated on the form that it was "Correction of Sentence by Sentencing Court (Fed. R. Crim. P.).". (See Exhibit "B").

3. The Court filed the AMENDED JUDGMENT IN A CRIMINAL CASE on October 25, 2002 and included pages 3 through 5 of the original Judgment. Those pages included Supervised Release and Criminal Monetary Penalties and Schedule of Payments from the Original Judgment, April 29, 1997.

4. On June 18, 2004, this Court transferred jurisdiction to Judge William P. Dimitrouleas, in the Southern District of Florida, pursuant to 18 U.S.C. § 3605.

## Statement of the Case

### I

The Court was without jurisdiction to transfer Petitioner's case pursuant 18 U.S.C. § 3605.

When this Court amended Petitioner's sentence to "time already served", it effectively terminated the sentence in its entirety, since the statute, 18 U.S.C. § 3583(a) indicates that Supervised Release is "part of the sentence" and this Court's Order of 10/16/2002 indicates "Kloszewski's sentence ... be reduced to time already served". (emphasis added). At no time does the Court indicate that Supervised Release was required after Petitioner had served his prison term. Pursuant to 2002 Revised Edition of the Federal Criminal Code and Rules, 32.1(b), and 18 U.S.C. 3583(e)(2), the Court would have had to hold a hearing prior to amending the 10/16/2002 Order. Thus, a term of Supervised Release would have increased Petitioner's sentence and the

- 2 -

exposure to additional prison time by the Court not following the Rules of Criminal Procedure and incorrectly transfering jurisdiction, that petitioner avers it did not have.

## II

The October 25, 2002, AMENDED JUDGMENT IN A CRIMINAL CASE, on page 4-5, mandated an Assessment of $50.00 as to each count, payable immediately. Petitioner had already satisfied that assessment. If the court had again imposed a new assessment, and Supervised Release, that would have been an increase in the sentence. However, Petitioner submits that the 10/25/2002 AMENDED JUDGMENT IN A CRIMINAL CASE was only to comply with Federal Rules of Criminal Procedure 32(d)(1) and reflect the 10/16/2002 Order by the Court, as is required.

Nowhere in the 10/16/2002 Order by the Court, or the 10/25/2002 AMENDED JUDGMENT IN A CRIMINAL CASE does the Court specifically state that a _modification_ of the _terminated_ _sentence_ was ordered. There is no indication in either document that would demonstrate the Court's intent to keep the Supervised Release part of Petitioner's sentence in place. Otherwise, it would have had to hold a hearing.

## CONCLUSION

A Petition for Writ of Error Coram Nobis is "an extraordinary remedy that is available only in the most compelling circumstances to remedy errors 'of the most fundamental character.'" United States v. Morgan, 346 U.S. 502, 511-512, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

The Eleventh Circuit Court of Appeals ruled in U.S. v. Peter, 310 F.3d 709 (11th Cir. 2002), that "Since jurisdictional error implicates a court's power to adjudicate the matter before

- 3 -

it, such error can never be waived by parties to litigation; the doctrine of procedural default does not apply." The Court has within its power to correct an error at any time.

The Probation Office intentionally misinformed the Court when it requested the Court to reinstate the three years of Supervised Release portion of the sentence that had been terminated by the Court's sua sponte Order of 10/16/2002. This caused the Court to inadvertently error by increasing petitioner's sentence, by it's reimposition of the term of supervised release and fine, in opposition to the Rule and Statute. (See F.R.Cr.P. 32.1(b) and 18 U.S.C. 3583(e)(2)). Consequently, Petitioner has been reincarcerated for an alleged violation of supervised release by the United States Probation Office and has served an additional 16 months to date. This makes a total of 49 months served over and above the original 96 month sentence (without Good Time Credit). This is an egrigious miscarriage of justice.

Petitioner requests this Honorable Court to correct the error before the court in the interest of justice, by issuing an Order voiding its 6/18/2004 transfer of jurisdiction, pursuant to 18 U.S.C. § 3605, ab initio, and Order the termination of the referenced sentence, in its entirety, nunc pro tunc, and to notify the district court in the Southern District of Florida as such. Petitioner requests this Honorable Court for this extraordinary remdey for good and just cause set out ante, and this petition is not meant to delay or vex this Honorable Court or the United States Attorney.

- 4 -

Petitioner was arrested on November 5, 1991, convicted on April 29, 1997 and sentenced to 96 months of incarceration. Petitioner was incarcerated continuously during that time and that sentence was satisfied by the Federal Bureau of Prisons on December 18, 1999. That sentence was an "SRA" sentence.

On January 21, 2000, the 96 month SRA sentence was illegally reinstated by the BOP. On October 16, 2002, this Court terminated that sentence by its sua sponte Order dated the same. Petitioner was subsequently released on October 17, 2002. A full 33 months over and above the maximum release date, without any benefit of Good Time Credit (GTC).

Wherefore, in the interest of justice, Petitioner requests this Honorable Court for relief as stated ante.

Sworn to as all facts being true and correct under the penalty of perjury and pursuant to Title 28 U.S.C. § 1746.

Respectfully submitted,

Gustav Kloszewski 10/24/05
Gustav Kloszewski
34390-019 / 2AL
FCC Yazoo City Low
P.O. Box 5000
Yazoo City, MS 39194-5000

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
ST-91CR57-MU
5:92CR3-MU
5:95CR03-1-MU
5:95CR2-1-MU

FILED
CHARLOTTE, N. C.

OCT 1 6 2002

U. S. DISTRICT COURT
W. DIST. OF N. C.

GUSTAV W. KLOSZEWSKI,

Petitioner

vs.

UNITED STATES OF AMERICA,

Respondent.

## ORDER

THIS MATTER comes before the Court upon its own motion.

In the interest of justice, it is hereby ordered that Gustav Kloszewski's sentence in the above-referenced cases be reduced to time already served and that he therefore be immediately released from incarceration with the Federal Bureau of Prisons.

IT IS SO ORDERED.

This the 16th day of October, 2002.

GRAHAM C. MULLEN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

VERIFIED WITH: Larry Wiley
TITLE: USPO
AGENCY: US Prob M; NC
PHONE #: 704-350-7608
DATE: 10/16/2002
STAFF: [signature]

# United States District Court
## For The Western District of North Carolina

UNITED STATES OF AMERICA

V.

GUSTAV WALTER KLOSZEWSKI
(Name of Defendant)

Date of Original Judgment: **April 29, 1997**
(Or Date of Last Amended Judgment)

Reason for Amendment:

— Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

— Reduction of Sentence for Changed Circumstances (Fed. R. P. 35(b))

**X** Correction of Sentence by Sentencing Court (Fed. R. Crim. P.)

— Correction of Sentence for Clerical Mistake (Fed. R. Crim. P.)

**AMENDED - OCTOBER 16, 2002**
**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: ST-CR-91-57-1-MU, 5:92CR23-1-MU, 5:95CR8-1-MU & 5:95CR21-1-MU

FILED
STATESVILLE, N.C.

OCT 2 5 2002

U.S. DISTRICT COURT
W. DIST. OF NC

Defendant's Attorney

— Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

— Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

— Modification of Imposed Term of Imprisonment for Retroactive to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

— Direct Motion to District Court — 28 U.S.C. § 2255 or
— 18 U.S.C. § 3559(c)(7)

— Modification of Restitution Order 18 U.S.C. § 3664

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):
THE DEFENDANT:

**X** pleaded guilty to count(s) **1 in each case**.
— Pleaded nolo contendere to count(s) which was accepted by the court.
— Was found guilty on count(s) after a plea of not guilty.

| Title and Section | Nature of Offense | Date Offense Concluded | | Counts |
|---|---|---|---|---|
| 21:846 & 841(a)(1) | Conspiracy to possess with intent to distribute & distribute in excess of 5 kilograms of cocaine | 11/05/91 | ST-CR-91-57-1-MU | 1 |
| 18:3 | Accessory after the fact to an attempted extortion | 06/01/91 | 5:92CR23-1-MU | 1 |
| 21:963 | Conspiracy to import into the U.S. 5 kilograms or more of cocaine | 10/23/91 | 5:95CR8-1-MU | 1 |
| 21:846, 841(a)(1) | Conspiracy to possess with intent to distribute & distribute cocaine | 08/01/90 | 5:95CR21-1-MU | 1 |

The Defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

— The Defendant has been found not guilty on count(s).
— Count(s) (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 08/20/59

Defendant's USM No.: 34390-019

Defendant's Mailing Address:
1021 NW, Third St.
Boca Raton, FL 33486

Date of Imposition of Sentence: October 16, 2002

/s/ Graham C. Mullen
Signature of Judicial Officer

Graham C. Mullen
Chief Judge, United States District Court

Date: 22 Oct 02

AO 245B (WDNC Rev. 2/01) Judgment in a Criminal Case    EXHIBIT "B"

Defendant: GUSTAV WALTER KLOSZEWSKI
Case Number: ST-CR-91-57-1-MU, 5:92CR23-1-MU, 5:95CR8-1-MU & 5:95CR21-1-MU    Judgment-Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>TIME SERVED</u>.

— The Court makes the following recommendations to the Bureau of Prisons:

— The defendant is remanded to the custody of the United States Marshal.

— The defendant shall surrender to the United States Marshal for this district:

     — at ____ on ____.
     — as notified by the United States Marshal.

— The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     — before 2 pm on .
     — as notified by the United States Marshal.
     — as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
       Deputy Marshal

Defendant: GUSTAV WALTER KLOSZEWSKI
Case Number: ST-CR-91-57-1-MU, 5:92CR23-1-MU, 5:95CR8-1-MU & 5:95CR21-1-MU

Judgment-Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS ON COUNT 1 IN EACH CASE TO RUN CONCURRENTLY WITH EACH OTHER & TO RUN CONCURRENTLY WITH THE TERM OF SUPERVISION PREVIOUSLY IMPOSED IN CASE NO. 83-CR-06-07G (NORTHERN DISTRICT OF GEORGIA).

— The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Probation Officer.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5) or 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.

ADDITIONAL CONDITIONS:

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $200.00 ($50.00 AS TO EACH COUNT) | $0.00 | $0.00 |

### FINE

The above fine includes costs of incarceration, if any, and/or supervision.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

— The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

— The interest requirement is waived.

— The interest requirement is modified as follows:

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    X    payable immediately; or

B    __    $ immediately, balance due (in accordance with C or D); or

C    __    not later than ; or

D    __    in (e.g., equal, weekly, monthly, quarterly) installments of not less than $ to commence days after the _____. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

__ The defendant shall pay the cost of prosecution.

__ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, P.O. Box 466, Statesville, NC 28687 (205 U.S. Post Office & Courthouse, 200 West Broad Street, Statesville, NC 28687), except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.